IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0083 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent.[1] | § | |

**REPORT AND RECOMMENDATION TO DISMISS PETITION
FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

On March 25, 2003, petitioner CHRISTOPHER MICHAEL RODRIGUEZ filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. By his habeas application, petitioner challenges a October 30, 2002 prison disciplinary action in which the punishment imposed consisted of a 42 day commissary and recreation restriction, a 42 day cell restriction, a reduction in line class status from a S3 to L1, and the loss of 45 days of good time credits

For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DISMISSED.

---

[1] The previously named respondent in this action was Janie Cockrell who has since been succeeded by Douglas Dretke as Director of the Texas Department of Criminal Justice, Institutional Division. Under Federal Rule of Civil Procedure 25(d)(1), Douglas Dretke "is automatically substituted as a party."

I.
EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. 28 U.S.C. § 2254 also provides that an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State. This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c). *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[2]

As argued by respondent, petitioner filed a Step 1 grievance on November 14, 2002 in an attempt to appeal the finding of guilt through the prison or TDCJ grievance procedure. Petitioner's Step 1 grievance was denied on December 19, 2002. However, petitioner failed to file a Step 2 grievance. Respondent has provided the affidavit of Susan Schumacher, the Assistant Administrator of Offender Grievance at the Cental Grievance Office for TDCJ in Huntsville, Texas, testifying to such fact. (*See* respondent's answer, Exhibit D at 1). Petitioner has not replied to respondent's answer. It thus appears to the Court that petitioner's claims were never administratively exhausted and that he is now barred from presenting his claims in this federal

---

[2] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

habeas petition.[3]  For this reason, his petition for a writ of habeas corpus should be dismissed.

Even if this Court were to address the merits of the petition, RODRIGUEZ would still not be entitled to relief.  He claims he was denied an opportunity to speak with a ranking officer to, "[t]ry and formally resolve the problem that Ms. Snell did initiate." (Petitioner's brief at 7).  As articulated by respondent, RODRIGUEZ has failed to state a claim upon which relief can be granted because he has not challenged the "fact" or "duration" of his confinement.  *See Cook v. Tex. Dep't. Of Criminal Justice Transitional Planning Dep't.*, 37 F.3d 166, 168 (5th Cir. 1994).  To the extent petitioner's claim could be interpreted to allege TDCJ violated his rights by failing to follow its own rules and procedures, RODRIGUEZ has not stated any claim of federal constitutional depravation and such a claim is not cognizable on federal habeas corpus review.  Federal habeas corpus review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure or, as applicable in this case, administrative procedure.  *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimum constitutional requirements are met).  Additionally, petitioner's claim is not violative of the due process rights guaranteed by *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).  Finally, petitioner has asserted nothing more than a conclusory allegation which does not raise a constitutional issue in habeas review.  *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982)(citations omitted).  For these reasons, petitioner's claim is without merit.

---

[3] Petitioner is also, in all probability, barred from again presenting his claims to state authorities by the TDCJ grievance time limits.

II.
RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner CHRISTOPHER MICHAEL RODRIGUEZ be DISMISSED.

III.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>8th</u> day of July 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


\* <u>**NOTICE OF RIGHT TO OBJECT**</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to

timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).